Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:        dawniell.zavala@hro.com

Attorneys for Plaintiffs,
ARISTA RECORDS LLC; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and INTERSCOPE RECORDS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and INTERSCOPE RECORDS, a California general partnership,<br><br>                    Plaintiffs,<br><br>     v.<br><br>DARRYL HORVAT,<br><br>                    Defendant. | CASE NO. 3:08-01041-SC<br><br>**Honorable Samuel Conti**<br><br>*EX PARTE* **APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request an additional 90 days – until September 18, 2008 – to serve Defendant Darryl Horvat ("Defendant") with the Summons and First Amended Complaint. In support of their request, Plaintiffs state as follows:

1. Plaintiffs filed their initial Complaint against a John Doe defendant on February 21, 2008. In order to obtain information sufficient to identify the Doe defendant, Plaintiffs also filed their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission to serve a Rule 45 subpoena on Defendant's Internet Service Provider ("ISP"). On March 3, 2008, the Court issued its Order for Leave to Take Immediate Discovery, which was promptly served on the ISP along with a Rule 45 subpoena. On April 16, 2008, the ISP responded to Plaintiffs' subpoena, identifying the Defendant, Darryl Horvat.

2. After the ISP identified Mr. Horvat, Plaintiffs sent him a letter notifying him of Plaintiffs' copyright infringement claim and inviting him to contact Plaintiffs to attempt to resolve the dispute. Mr. Horvat has not responded to Plaintiffs' attempts to contact him, and, as a result, the parties have been unable to reach a settlement.

3. Accordingly, Plaintiffs filed a First Amended Complaint on May 27, 2008, naming Mr. Horvat individually as Defendant.

4. Plaintiffs have since made attempts to personally serve Defendant with process at the address provided by the ISP, but have so far been unsuccessful.

5. Plaintiffs conducted an online investigation and recently learned of a new address where Defendant may be living. Plaintiffs will continue to attempt to serve Defendant at both the address provided by the ISP and the newly discovered address.

5. The current deadline for service of process expires on June 20, 2008. Plaintiffs have not requested any previous extension of the service deadline. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days – until September 18, 2008 – to effectuate service, so that they may continue to attempt to serve Defendant.

6. Plaintiffs' diligence in attempting to serve Defendant demonstrates "good cause" under Rule 4 for an extension of time for service. *See Gambino v. Village of Oakbrook*, 164 F.R.D.

271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff made a "reasonable effort to serve defendant"); *see also Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions). In addition, unlike a traditional case where the defendant is known by name and service attempts can begin immediately after the complaint is filed, in this case Plaintiffs first had to obtain Defendant's identity through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

7. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). Thus, there can be no prejudice to the defendant from any delay in serving the Complaint.

8. Plaintiffs will provide Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: June 18, 2008                                HOLME ROBERTS & OWEN LLP


By: _____*/s/ Dawniell Alise Zavala*____
DAWNIELL ALISE ZAVALA
Attorney for Plaintiffs

### ~~[PROPOSED]~~ ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve Defendant with process be extended to September 18, 2008.

Dated: __6/23/08__                By: 
Hon. Samuel Conti
United States District Judge

IT IS SO ORDERED
Judge Samuel Conti

---

*EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 3:08-01041-SC
#38314 v1